# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Joy Eberline, *et al.*,

                Plaintiffs,      Case No. 14-cv-10887

v.                                    Judith E. Levy
                                        United States District Judge

Douglas J. Holdings, Inc., *et al.*,

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL [81], DENYING MOTIONS FOR LEAVE TO FILE <u>*AMICUS CURIAE* BRIEF [90, 91], AND STAYING CASE</u>**

On October 1, 2018, the Court issued an opinion and order granting plaintiffs' motion for partial summary judgment and granting in part and denying in part defendants' motion for summary judgment. *Eberline v. Douglas J. Holdings, Inc.*, 339 F. Supp. 3d 634 (E.D. Mich. 2018). The Court held that plaintiffs, former students in defendants' cosmetology schools, were employees entitled to compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, when they clean, do laundry, and restock products during the clinical training portion of the

defendants' curriculum. (*Id.* at 34.) However, the Court found that plaintiffs were not employees at all other times in the clinical training program, in part because the Court believed that plaintiffs no longer dispute this as a result of comments made at oral argument. (*Id.* at 2.) Thus, the cross-motions for summary judgment on the cleaning, laundering, and restocking activities were decided in plaintiffs' favor, while summary judgment was granted on the remaining part of defendants' motion related to all other aspects of the parties' relationship.

The parties filed several motions in response to that order. Plaintiffs filed a motion for reconsideration, arguing that during oral argument they did not intend to limit their FLSA claims to time spent cleaning, laundering towels, and restocking products. (Dkt. 78 at 3.) Defendants filed a motion to amend and certify the order for interlocutory appeal and stay the case. (Dkt. 81.) Several would-be amici curiae sought to file briefs in support of the motion to certify the Court's order for interlocutory appeal (Dkts. 90, 91), which plaintiffs oppose. (Dkts. 97, 98.)

I. <u>Analysis</u>

**A. Certification of Order for Interlocutory Appeal**

A district court shall permit a party to appeal a non-final order when the court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017); *cf.* 28 U.S.C. 1291 (stating that courts of appeals usually have jurisdiction over final orders from district courts). The burden is on the moving party to show that each requirement of § 1292(b) is satisfied, *see In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012), and the district court must "expressly find in writing that all three § 1292(b) requirements are met," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); § 1292(b). Such appeals are the exception, however, not the rule. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (stressing that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases"). Here, all three conditions of § 1292(b) are met and this is the exceptional case that warrants an interlocutory appeal.

3

*1. Controlling Question of Law*

First, the order turns on a controlling question of law. "A legal issue is controlling if it could materially affect the outcome of the case." *Memphis*, 874 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). In this case, the issue is whether cleaning, laundering towels, and restocking products are activities that may be extracted from the entire relationship between the parties before examining their overall relationship under the primary benefit test enunciated in *Solis v. Laurelbrook Sanitarium and School, Inc.*, 642 F.3d 518 (6th Cir. 2011), because those activities are "beyond the pale of the contemplated [cosmetology education and training]." *Eberline*, 339 F. Supp. 3d at 644–45 (citing *Schumann v. Collier Anesthesia, P.A.*, 803 F.3d 1199, 1215 (11th Cir. 2015)). This issue may materially affect the outcome of the case because considering these activities alone led the Court to grant plaintiffs' motion for partial summary judgment. Moreover, should the Court of Appeals disagree with the Court's analysis, the Court would need to consider those activities as a part of the entire relationship between the parties. This would affect the Court's earlier analysis, and therefore could affect the outcome of the

4

case. Therefore, the order granting plaintiffs' motion for partial summary judgment turns on a controlling question of law.

### 2. *Substantial Ground for Difference of Opinion*

Second, there is substantial ground for difference of opinion on the controlling legal issue. Substantial grounds for difference of opinion exist "when 'the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" *Miedzianowski*, 735 F.3d at 384 (citing *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 U.S. Dist. LEXIS 107527, at *7 (E.D. Mich. Nov. 24, 2008)). An issue is novel "where reasonable jurists might disagree on an issue's resolution." *Trump*, 874 F.3d at 952 (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (6th Cir. 2011)). The controlling legal issue in the order is novel and its resolution is not substantially guided by previous decisions.

It is novel because the Sixth Circuit has not yet had an occasion to consider whether activities or tasks that are entirely unrelated to the training or learning situation, and that appear to take unfair advantage of a student's need to complete certain requirements, fit within the *Laurelbrook* framework. In fact, the Sixth Circuit has not considered an

5

FLSA case in the context of an externship, internship, or other sort of vocational training program as other circuits have.[1] *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528 (2d Cir. 2016); *Schumann v. Collier Anesthesia, P.A.*, 803 F.3d 1199 (11th Cir. 2015); *Benjamin v. B&H Educ., Inc.*, 877 F.3d 1139 (9th Cir. 2017); *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005); *Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023 (10th Cir. 1993). Nor has it considered whether cosmetology students can be employees under FLSA as other circuits have. *Velarde v. GW GJ, Inc.*, 914 F.3d 779 (2d Cir. 2019); *Benjamin v. B &H Educ. Inc.*, 877 F.3d 1139 (9th Cir. 2017); *Hollins v. Regency Corp.*, 867 F.3d 830 (7th Cir. 2017).

Relatedly, the issue is not substantially guided by Sixth Circuit precedent. *Laurelbrook* had no occasion to consider separating the non-de minimis tasks that bore no relation to the training or educational program; there, the plaintiffs chose a Seventh-Day Adventist education, which "include[d] hands-on, practical training." 642 F.3d at 531. The question in *Laurelbrook* was whether students were entitled to compensation when they participated in the vocational training portion

---

[1] It has, however, adopted a primary benefit test like the circuits that have addressed such contexts. *See Eberline*, 339 F. Supp. 3d at 642.

of their education. *Id.* Nor did *Marshall v. Baptist Hospital, Inc.*, 473 F. Supp. 465 (M.D. Tenn. 1979), *rev'd on other grounds*, 668 F.2d 234 (6th Cir. 1981), consider a limited number of tasks that were beyond the pale of the expected training program. The entire x-ray trainee program in *Marshall* was so deficient that there was no educational value, leading the court to find the hospital was the primary beneficiary. *See* 473 F. Supp. at 476–77. Therefore, there was no reason for the court to consider extracting those tasks that were entirely unrelated to the educational goal from the relationship. And although *Marshall* is cited with approval by *Laurelbrook*, *id.* at 526–28, it is not binding precedent. Thus, there is no precedent that speaks to whether tasks beyond the pale of the contemplated training or learning situation must be evaluated with the rest of the rest of the relationship under *Laurelbrook*'s primary benefit test.[2]

---

[2] The Court disagrees with defendants' characterization of the Court's analysis as a "task-by-task determination of a primary benefit." (*e.g.*, Dkt. 81 at 25). The Court identified a "threshold question": whether tasks are within the training or learning situation. *Eberline*, 339 F. Supp. 3d at 642–44. A task is only extracted from the relationship if it is "so far beyond the pale of the contemplated [training or learning situation] that it clearly [does] not serve to further the goals of the [training or learning situation]." *See id.* at 643. And furthermore, plaintiffs must show that the time spent on those tasks is more than de minimis. *See id.* Every other aspect of the relationship is considered within the entire relationship and evaluated under the primary benefit test. *See id.* at 643.

Admittedly, other courts disagree with this Court.[3] *See Velarde v. GW GJ, Inc.*, 914 F.3d 779 (2d Cir. 2019); *Benjamin v. B &H Educ. Inc.*, 877 F.3d 1139 (9th Cir. 2017); *Hollins v. Regency Corp.*, 867 F.3d 830 (7th Cir. 2017). And the Eleventh Circuit has not yet had an opportunity to apply *Schumann* to find that an individual is an employee when he or she completes tasks beyond the pale of the contemplated training or

---

*Schumann*'s "beyond the pale" language permits an individual to be both a student and employee under FLSA, *Axel v. Fields Motorcars of Fla.*, 711 F. App'x 942, 946 (11th Cir. 2017) (citing *Schumann*, 803 F.3d at 1214), creating a pressure-release valve within the primary benefit test framework. It prevents the odd case of an institution abusing the holistic nature of the primary benefit test to avoid compensating students for their labor carrying out tasks that are entirely unrelated to the training or educational program by offering an otherwise bona fide training or educational program, but conditioning the students' completion of the program upon the fulfillment of those unrelated tasks, along with other legitimate tasks. Nothing in the Court's order suggests that if the tasks were within the training or learning situation, it would not apply *Laurelbrook* to "determin[e] whether employment relationship exists *in the context of a training or learning situation.*" *Eberline*, 339 F. Supp. 3d at 641 (emphasis added) (quoting *Laurelbrook*, 642 F.3d at 529).

[3] Defendants cite *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947), for the proposition that "students in professional, occupational, or vocational schools are not employees." (Dkt. 81 at 16.) However, this assumes the question in this case—are plaintiffs students or employees under FLSA? And two cases defendants offer as examples of disagreement with the Court did not consider administrative, clerical, janitorial, or menial tasks done by cosmetology students as is the case here. *See Winfield v. Babylon Beauty Sch. of Smithtown, Inc.*, No. 13-cv-06289, 2018 WL 5298748, at *3 (E.D.N.Y. Mar. 14, 2018) ("Although the plaintiff was responsible for keeping her workstation clean (another skill tested on the licensing test), *she was never required to do janitorial work or administrative tasks.*" (emphasis added)); *Lane v. Carolina Beauty Sys., Inc.*, No. 6:90CV00108, 1992 U.S. Dist. LEXIS 15338, at *3 (M.D.N.C. July 2, 1992) (noting that a *teacher trainee*'s responsibilities included "attending to administrative duties regarding the students and the school," which were "part of the *required curriculum* established by the Board [of Cosmetic Art Examiners]." (emphasis added)).

8

educational program, but is a student in all other legitimate respects, though it has reaffirmed *Schumann*. *See Axel*, 711 F. App'x at 946 (citing *Schumann*, 803 F.3d at 1214) (applying the *Glatt* primary benefit test). Substantial ground for disagreement exists.

### 3. *Materially Advance Ultimate Termination of Litigation*

Third, an interlocutory appeal may materially advance the termination of litigation. To determine whether "[a]n interlocutory appeal will materially advance the litigation," courts consider "if it will 'save substantial judicial resources and litigant expense.'" *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 871 (S.D. Ohio 2012) (quoting *In re Regions Morgan Keegan ERISA Litig.*, 741 F.Supp.2d 844, 849 (W.D. Tenn. 2010)). This includes "sav[ing] the parties and the judicial system substantial resources and expense by avoiding extensive discovery, motion practice, and potentially a trial." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 879 (E.D. Mich. 2012). This requirement "is closely tied" to whether the interlocutory order involves a controlling question of law. *Id.* at 878 (quoting *Comcast,* 2008 U.S. Dist. LEXIS 107527, at *7).

An interlocutory appeal may save the Court and parties expense here. Following the Court's ruling, the parties must engage in additional discovery to determine how much time was spent cleaning, laundering towels, and restocking products. Plaintiffs must also engage in class-related discovery and seek class certification, as they represent plaintiffs across several states. This will add significantly to this expense. Moreover, if the appeal results in reversal, it would remove the need to address plaintiffs' motion for reconsideration on the Court's grant of the rest of defendants' motion for summary judgment (Dkt. 78) because all tasks must be considered part of the parties' relationship. And a reevaluation of the motions for summary judgment could lead to the avoidance of trial—a significant savings for all involved. This is all the more so because the interlocutory appeal would address a controlling matter of law. Finally, because there is room for substantial disagreement, the appeal is not an effort to unduly protract litigation. Thus, the appeal may materially advance the ultimate termination of litigation.

## B. Appropriateness of Stay

An order granting defendants permission to file an interlocutory appeal will not automatically stay the case; the district court must explicitly stay the case. § 1292(b). The decision to stay a case "ordinarily rests within the sound discretion of the District Court" as "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (citing *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). The Court exercises its discretion to stay this case.

It is appropriate to grant the stay because if the Court is reversed, the Court's and the parties' time and resources spent continuing the litigation will have been wasted. Additionally, a reversal would render plaintiffs' motion for reconsideration on the Court's grant of defendants' motion for summary judgment on the parties' relationship (Dkt. 78) moot because cleaning, laundering, and restocking products would have to be considered within the whole relationship. Thus, a stay is appropriate.

## II. Conclusion

For the reasons set forth above, defendants have met the three conditions for under § 1292(b). Accordingly,

Defendants' motion (Dkt. 81) is **GRANTED**, and so the motions to file amicus briefs (Dkts. 90, 91) are **DENIED AS MOOT.**

The Court's Opinion and Order (Dkt. 77) is **AMENDED,** as Federal Rule of Appellate Procedure 5(a)(3) requires, to include a statement that the Court believes the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation under § 1292(b).

Furthermore, the case is **STAYED** pending the United States Court of Appeals for the Sixth Circuit's disposition of any timely petition by defendants according to § 1292(b), and that stay shall continue until any appellate proceedings relating to that petition have been finally concluded. This includes a decision by this Court on plaintiffs' pending

motion for reconsideration. (Dkt. 78.)

IT IS SO ORDERED.

Dated: March 1, 2019  　　　　s/Judith E. Levy
　Ann Arbor, Michigan  　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on.

　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　Case Manager