# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Joy Eberline, *et al.*,

        Plaintiffs,    Case No. 14-10887

v.    Judith E. Levy
United States District Judge

Douglas J. Holdings, Inc., *et al.*,

    Mag. Judge Michael J.
        Defendants.    Hluchaniuk

_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S CORRECTED EMERGENCY MOTION TO STRIKE DEFENDANTS' RENEWED MOTION FOR SUMMARY DISPOSITION AND APPLICATION OF THE SIXTH CIRCUIT DECISION [123], DENYING PLAINTIFFS' MOTION TO STAY AS MOOT [124], AND DENYING PLAINTIFFS' EMERGENCY MOTION TO STRIKE DEFENDANTS' RENEWED MOTION FOR SUMMARY DISPOSITION AS MOOT [119]**

Pursuant to a briefing schedule set by the Court following remand for further proceedings from the Sixth Circuit, Defendants filed a renewed motion for summary disposition and application of the Sixth Circuit's decision on May 21, 2021. (ECF No. 116.) On June 2, 2021, Plaintiffs filed an emergency motion to strike Defendants' renewed

motion alongside a connected motion for sanctions. (ECF No. 119.) Defendants filed a response on June 10, 2021 (ECF No. 121), to which Plaintiffs replied on June 17, 2021. (ECF No. 122.)

On June 18, 2021, Plaintiffs filed a corrected version of their emergency motion to strike, fixing a technical glitch that converted certain citations to incorrect characters.[1] (ECF No. 123.) That same day, Plaintiffs filed a motion to stay the briefing schedule for Defendants' renewed motion, seeking a stay until the Court decided Plaintiffs' corrected emergency motion to strike. (ECF No. 124.) While Defendants expressed a willingness to stipulate to stay the briefing schedule until July 9, 2021 (ECF No. 126, PageID.4490), Plaintiffs sought an extension of the response deadline to Defendants' renewed motion to July 30, 2021. (ECF No. 124, PageID.4478.)

In their corrected emergency motion to strike, Plaintiffs argue that Defendants violated the Court's instruction for renewed briefing addressing the primary beneficiary test as outlined by the Sixth Circuit

---

[1] On June 25, 2021, Defendants responded to Plaintiffs' corrected emergency motion to strike. (ECF No. 127.) Because Plaintiffs' corrected filing contains only non-substantive changes from the initial emergency motion to strike, Defendants relied on their response filed to Plaintiffs' initial motion and incorporated that response brief by reference. (*Id.* at PageID.4497.)

by including the affidavits of nine new witnesses in their renewed motion. (ECF No. 123, PageID.4459–4460.) Plaintiffs note that the Court expressly rejected Defendants' request to reopen discovery at the April 1, 2021 status conference following the mandate from the Sixth Circuit and that the parties were instructed to present legal argument based on the existing factual record. (*Id.* at PageID.4463.) Additionally, Plaintiffs argue that Defendants' inclusion of these new declarants contravened their initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(i), as well as the requirement to supplement initial disclosures under Rule 26(e), such that Defendants should be prevented from using these individuals' declarations in their renewed motion as a sanction under Rule 37(c)(1). (*Id.* at PageID.4469–4473.) Plaintiffs request the Court strike (or deny and decline to consider) Defendants' renewed motion in its entirety, reverse the order of briefing to allow Plaintiffs to file a renewed motion, and award Plaintiffs costs and attorney's fees associated with filing their motion to strike. (*Id.* at PageID.4473–4474.)

In response, Defendants contest Plaintiffs' characterization of the Court's instructions following remand as well as Plaintiffs' knowledge of

the nine declarants whose affidavits were included in the renewed motion. (ECF No. 121, PageID.4361.) Defendants allege that the Court did not order the parties to merely refile their previous briefing or restrict briefing to the existing record; Defendants contend the Court only denied Defendants' request for additional depositions in advance of renewed briefing. (*Id.*) Indeed, Defendants argue, the inclusion of new declarations in their renewed motion was "necessary and rational, given the procedural posture of this case": Because the Sixth Circuit's order indicated that new factors be considered by the Court on remand, Defendants allegedly had to make a factual analysis of those multiple factors applied to specific tasks which required inquiry into different, additional facts than those first considered. (*Id.*) Defendants also point to Plaintiffs' own disclosures to counter Plaintiffs' allegations of surprise, alleging that "[a]ll of the declarants were listed on Plaintiffs' and Defendants' initial disclosures, either by name or category." (*Id.* at PageID.4364.) Additionally, Defendants argue that even were the Court to find Defendants did not comply with their obligations under Rule 26, their failure to disclose was substantially justified or harmless such that

4

sanctions under Rule 37(c)(1) are inappropriate. (*Id.* at PageID.4365–4368.)

The Court has carefully reviewed the briefing submitted by the parties and finds that Plaintiffs' request to strike Defendants' renewed motion is appropriate. The Sixth Circuit's opinion setting forth the factors to be considered under the primary-beneficiary test on remand did not expressly indicate the need for additional facts to be added to the record to address the enumerated factors. (ECF No. 110, PageID.3948.) The Court also did not contemplate an expanded record on remand when instructing the parties to submit briefing addressing the primary beneficiary test as outlined by the Sixth Circuit.

Additionally, Defendants did not comply with their disclosure requirements under Rule 26. While Defendants claim that they followed the requirements for disclosures under Rule 26(a)(1)(A)(i) because they included categories of relevant witnesses that included these declarants, Defendants neglected to indicate the subjects of the discoverable information that such witnesses might possess or to provide updated names and contact information as required under Rule 26(a)(1)(A)(i). Additionally, listing generic categories of persons is insufficient to meet

the requirements of Rule 26(a)(1)(A)(i). *See Labadie v. Dennis*, No. 1:07-CV-480, 2008 WL 5411901, at *2 (W.D. Mich. Dec. 23, 2008) ("Plaintiff lists generic categories of persons, such as 'all members of plaintiff's family,' or 'all investigating persons.' This is patently insufficient and amounts to a non-disclosure."). Accordingly, Defendants violated their ongoing duty to supplement Rule 26(a) disclosures under Rule 26(e) with regard to these nine additional declarants.

"Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (6th Cir. 1999)). The Sixth Circuit "agree[s] with the circuits that have put the burden on the potentially sanctioned party to prove harmlessness." *Id*. The Sixth Circuit outlined five factors to evaluate whether a failure to disclosure is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance

of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). But, "a word of caution: District courts have broad discretion in applying these [*Howe*] factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating honest, harmless mistakes from the type of underhanded gamesmanship that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation and internal quotation marks omitted). Additionally, "[a]lthough exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe*, 801 F.3d at 747 (quoting Rule 37(c)(1)).

Here, the Court finds that Defendants' inclusion of the nine witnesses in their renewed motion was not harmless or substantially justified considering the current stage of the litigation: briefing regarding a *renewed* motion for summary disposition *following remand*. As set

forth, the Court did not contemplate the expansion of the record on remand in this renewed briefing. Based on the Court's instruction at the April 1, 2021 status conference—in addition to the fact that discovery has been closed for an extensive length of time—Plaintiffs had no forewarning that Defendants would be relying on these additional declarations for the purposes of the renewed motion. Additionally, because the Court did not contemplate an expansion of the record during this renewed briefing, Plaintiffs will not have the opportunity to cure their surprise by deposing or seeking a declaration from these nine declarants or otherwise being able to address their testimony in response briefing. Accordingly, the Court will strike Defendants' renewed motion (ECF No. 116) and order Defendants to file a renewed motion excluding the nine witnesses at issue as a sanction under Rule 37(c)(1). The Court declines to impose any additional sanctions.

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiffs' corrected emergency motion to strike Defendants' renewed motion for summary disposition and application of the Sixth Circuit Decision. (ECF No. 123.) Defendants' renewed motion (ECF No. 116) will be struck. Plaintiffs' emergency motion to strike Defendants' renewed

motion (ECF No. 119) and Plaintiffs' motion to stay (ECF No. 124) are **DENIED AS MOOT**.

Additionally, Defendants' renewed motion for summary disposition and application of the Sixth Circuit's decision—without reference to the nine additional declarations at issue—is to be filed by **July 23, 2021**. Plaintiffs' response to Defendants' renewed motion is to be filed by **August 20, 2021**. Defendants' reply is to be filed by **September 3, 2021**.

IT IS SO ORDERED.

Dated: July 7, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2021.

s/Erica Parkin on behalf of  
WILLIAM BARKHOLZ  
Case Manager