UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Eberline, *et al.*,

                Plaintiffs,        Case No. 14-10887

v.                                   Judith E. Levy
                                    United States District Judge

Douglas J. Holdings, Inc., *et al.*,

                                       Mag. Judge Michael J.
                Defendants.     Hluchaniuk

_____/

**OPINION AND ORDER CLARIFYING THE COURT'S JULY 7, 2021 OPINION AND ORDER AND DENYING DEFENDANTS' EMERGENCY MOTION TO STAY BRIEFING ON DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT [129]**

Before the Court is Defendants' emergency motion for clarification of the Court's July 7, 2021 Opinion and Order and to stay briefing on Defendants' renewed motion for summary judgment. (ECF No. 129.) On July 14, 2021, Plaintiffs filed a response to Defendants' emergency motion (ECF No. 131), to which Defendants replied on July 15, 2021. (ECF No. 132.) Defendants subsequently filed a renewed motion for

summary judgment and application of the Sixth Circuit's decision on July 23, 2021. (ECF No. 134.)

Defendants' emergency motion "seeks clarification that [they] may support [their] renewed motion for summary judgment with admissible evidence that was not expressly encompassed within the Court's opinion, but was also not attached to Douglas J's initial 2018 motion for summary judgment." (ECF No. 129, PageID.4508–4509.) Specifically, Defendants request clarification regarding three categories of evidence they wish to use in their renewed motion for summary judgment: (1) "any documents, things, or testimony of witnesses produced during discovery" (ECF No. 131, PageID.4528–4529; *see* ECF No. 132, PageID.4533); (2) documents from LARA, Douglas J's regulator (ECF No. 129, PageID.4516); and (3) an anticipated declaration from Scott Weaver[1] (*id.* at PageID.4515). With regard to Scott Weaver's declaration, specifically, Defendants argue that well-settled Sixth Circuit precedent indicates that "a party who was not directly questioned about an issue [may] supplement[] incomplete

---

[1] Defendants initially indicated their intention to support the renewed motion for summary judgment with testimony from Defendants Scott Weaver and/or TJ Weaver (ECF No. 129, PageID.4515), but later indicated their willingness to rely on a declaration from Scott Weaver, only, in response to concerns raised by Plaintiffs regarding a purported agreement with TJ Weaver concerning TJ Weaver's testimony. (ECF No. 132, PageID.4532.)

2

deposition testimony" through an affidavit or declaration at the summary-judgment stage. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006). Because Scott Weaver's anticipated declaration would "provide background information regarding Douglas J's operations and information necessary to authenticate documents that have already been produced during discovery[,]" it would not contradict Scott Weaver's previous testimony. (*Id.*)

In response, Plaintiffs contend the Court's July 7, 2021 Opinion and Order clearly indicates that the first category outlined by Defendants can be included in the briefing regarding Defendants' renewed summary judgment motion. (ECF No. 131, PageID.4528–4529.) While Plaintiffs do not address Defendants' second category (i.e., documents from LARA), Plaintiffs argue that Defendants should not be permitted to attach a new declaration from Scott Weaver because it would "introduce new testimony into the record to attempt to create genuine issues of fact where [Defendants] previously failed to do so." (*Id.* at PageID.4529.) Plaintiffs further argue that there is no need for clarification nor good cause to further delay the briefing schedule and thus urge the Court to

3

deny Defendants' motion to the extent it requests a stay of this schedule. (*Id.* at PageID.4529.)

To the extent any clarification remains necessary on categories one and two, the Court clarifies that the parties may use "any documents, things, or testimony of witnesses produced during discovery" (ECF No. 132, PageID.4528–4529; see ECF No. 132, PageID.4533) as well as the documents from LARA. Furthermore, the Court finds that Defendants' proposed use of a new declaration from Scott Weaver would not run afoul of Sixth Circuit precedent permitting a party to supplement incomplete testimony when a supplement does not conflict with prior deposition testimony. *See Aerel*, 448 F.3d at 907 ("*Reid* and its progeny have thus barred the nonmoving party from avoiding summary judgment by simply filing an affidavit that directly contradicts that party's previous testimony. . . . This is a far cry, however, from preventing a party who was not directly questioned about an issue from supplementing incomplete deposition testimony with a sworn affidavit. Such an affidavit fills a gap left open by the moving party and thus provides the district court with more information, rather than less, at the crucial summary judgment stage."); *Good v. BioLife Plasma Servs., L.P.*, 834 F. App'x 188,

4

196 (6th Cir. 2020) ("Given that there was no 'direct contradiction' between [the plaintiff]'s affidavit and her deposition testimony, nor any evidence that [the plaintiff]'s affidavit constituted an attempt to create a sham fact issue, we hold that the district court abused its discretion in excluding [the plaintiff]'s affidavit [for allegedly having conflicted with her prior deposition testimony]."); *see also Clinton River Cruise Co. v. DeLaCruz*, 213 F. App'x 428, 434 (6th Cir. 2007) (relying on *Aerel* to find that later-filed affidavits were permissible for summary judgment because they were not contradictory to the depositions of the deponents but, rather, addressed an issue not thoroughly or clearly explored in the earlier depositions). Accordingly, Defendants are permitted to use a new declaration of Scott Weaver for their stated purpose of "provid[ing] background information regarding Douglas J's operations and information necessary to authenticate documents that have already been produced during discovery." (ECF No. 129, PageID.4515.)

For the reasons set forth above, the Court **DENIES** Defendants' emergency motion to the extent it requests a stay of briefing on Defendants' renewed motion for summary judgment. (ECF No. 129.) However, Defendants are permitted to file a supplement to their renewed

5

motion for summary judgment (ECF No. 134), including an affidavit or declaration from Scott Weaver, that is in line with the clarifications provided in this opinion by **August 13, 2021**. All other briefing deadlines regarding Defendants' renewed motion for summary judgment set forth in the Court's July 7, 2021 Opinion and Order (ECF No. 128) remain unchanged.

IT IS SO ORDERED.

Dated: August 4, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2021.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager