UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JOY EBERLINE, CINDY ZIMMERMANN, and TRACY POXSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 14-10887 |
| v. | Hon. Judith E. Levy<br>Mag. Kimberly G. Altman |
| DOUGLAS J. HOLDINGS, INC., *et. al.* | |
| Defendants. | |

_____/

**ORDER GRANTING PLAINTIFFS' MOTION [178]; CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES; PRELIMINARILY APPROVING THE SETTLEMENT; APPROVING THE FORM AND MANNER OF CLASS NOTICE AND DISTRIBUTION OF THE CLAIM FORM; APPOINTING THE NAMED PLAINTIFFS AS CLASS REPRESENTATIVES; APPOINTING CLASS COUNSEL; APPOINT A SETTLEMENT ADMINISTRATOR; AND SETTING A <u>DATE FOR A FINAL APPROVAL HEARING</u>**

Before the Court is Plaintiffs' *Amended Unopposed Motion for Conditional Certification and Preliminary Approval of Class And Collective Action Settlement* (ECF No. 178), the Court having considered the motion and brief in support, together with the proposed Settlement

Agreement, class notice, claim form, and other relevant documents and submissions of the parties together with relevant legal authorities submitted in support thereof and the Court otherwise being duly advised in the premises, **GOOD CAUSE** having been shown therefor, and for reasons set for on the record at the hearings on June 15, 2023 and August 9, 2023, IT IS HEREBY ORDERED that the Plaintiffs' *Amended Unopposed Motion for Conditional Certification and Preliminary Approval of Class And Collective Action Settlement* is GRANTED, as follows:

1. This Order incorporates by reference the definitions in the Amended Settlement and Release Agreement ("Amended Settlement Agreement"), a copy of which is attached to as Exhibit 1 to Plaintiffs' *Amended Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Conditional Certification and Preliminary Approval of Class and Collective Action Settlement* ("Amended Memorandum of Law"). All capitalized terms used in this Order will have the same meaning as set

forth in the Amended Settlement Agreement, unless otherwise defined in this Order.

2. The Class shall be conditionally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b), and conditionally approved as a collective action under 29 U.S.C. § 216(b) for settlement purposes only. The Class shall include any student who attended Defendant Douglas J. Institute, Inc.'s cosmetology programs in Michigan and participated in the Alpha, Beta, Gamma, and/or Salon Life courses at any time between January 1, 2012, and December 31, 2022.

3. The hybrid class and collective action Settlement set forth in the Amended Settlement Agreement, entered into among the parties and their counsel, is preliminarily approved as it appears to be proper, fall within the range of reasonableness, be the product of arm's-length and informed negotiations, treat all Class members fairly, and be presumptively valid, subject to any objections that may be raised at the Final Approval Hearing.

4. The Amended Settlement Agreement, together with its attached exhibits and/or referenced documents, sets forth the terms and

conditions for the proposed Settlement and dismissal with prejudice of the Litigation.

5. The Court approves, as to form and content, the proposed Class Action Notices (a copy of which is attached as Exhibits 2, 3 & 7 to Plaintiffs' *Amended Memorandum of Law*).

6. The Court will direct notice to the Class because giving notice is justified by Plaintiffs' showing that the Court will likely be able to approve the Amended Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2) and 29 U.S.C. § 216(b) and certify the Class for purposes of judgment on the proposed Amended Settlement Agreement. Specifically, the Amended Settlement Agreement preliminarily appears to be (a) fair, reasonable, and adequate considering the relevant factual, legal, practical, and procedural considerations of the Litigation, (b) free of collusion to the detriment of the putative Class, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Fairness and Approval Hearing as described below. The Class appears likely to satisfy the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) and 29 U.S.C. § 216(b). Accordingly, the

Amended Settlement Agreement and the Settlement are sufficient to warrant notice thereof and a full hearing on the Settlement.

    7.    The Court finds that the method selected for communicating the Settlement to Class members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process. The Court further finds that the Class Notices and Claim Form constitute reasonable notice practicable under the circumstances and are in full compliance with the law. The Court also finds that the notifications fully and accurately inform the members of the Class of all material elements of the Amended Settlement Agreement; of their right to participate in the Settlement; of their right to be excluded from the Class; and of their right and opportunity to object to the Settlement.

    8.    The Court directs that the Email Notice, set forth in Exhibit 7 of Plaintiffs' *Amended Memorandum of Law*, be emailed to each Class member and that the expanded Class Notice, set forth in Exhibit 3 of Plaintiffs' *Amended Memorandum of Law*, be posted on the Settlement

website, along with the full text of the Amended Settlement Agreement in Exhibit 1.

9. Within fourteen (14) days of receiving the Class Data, the Settlement Administrator shall commence sending the Email Notice of the Amended Settlement Agreement to the most recent known email address for each Class member.

10. For any Class member as to whom the Email Notice bounces back as undeliverable or which the Claims Administrator's email distribution system does not show as having been read within seven (7) days of being sent, the Settlement Administrator will check the Class Member's last-known address against the National Change of Address database and search commercially available databases to seek to obtain updated mailing and possible email addresses; and within twenty-one (21) days, send a Postcard Notice, set forth in Exhibit 2 of Plaintiffs' *Amended Memorandum of Law*, to the best known address for the Class Member via First-Class United States mail.

11. For any Class Member whose Postcard Notice is returned as undeliverable within twenty-eight (28) days of mailing, the Settlement Administrator will send an additional Notice of Settlement to any

6

additional email addresses identified during the search of commercially available databases. To the fullest extent possible, such re-emailing will be completed within sixty (60) days of the date that Notices of Settlement were originally emailed. If the email is returned as undeliverable, no further action is necessary.

12. The Court approves, as to form and content, the proposed Claim Form (a copy of which is attached hereto as Exhibit 4 to Plaintiffs' *Amended Memorandum of Law*).

13. The Court approves the proposed Claim Form, set forth in Exhibit 4 of Plaintiffs' *Amended Memorandum of Law*, for use in administering the Settlement. For a Class member to receive a payment from the net Settlement Amount, the Class member must timely and accurately complete and submit a Claim Form to the Settlement Administrator, who must determine that the form is satisfactorily completed and that the individual is, in fact, a Class member. Appeal of

a determination by the Settlement Administrator may be made as set forth in the Amended Settlement Agreement.

14. Claim Forms can be completed online at the Settlement website or can be downloaded and printed from the Settlement website and then mailed to the Settlement Administrator. All Claim Forms must be completed online at the Settlement website within ninety (90) days of the date on which the Notice of Settlement is required to be emailed or, if mailed to the Settlement Administrator, must be postmarked within ninety (90) days of the date on which the Notice of Settlement is required to be mailed.

15. The Court approves the proposed procedure for submitting requests for exclusion from the members of the Class. Any member of the Class wishing to opt-out from the Amended Settlement Agreement must complete, sign, and mail an Opt Out form to the Settlement Administrator.

16. The Opt Out form can be completed online at the Settlement website or can be downloaded from the Settlement website and mailed to the Settlement Administrator. If completed online, the Opt Out form must be submitted within seventy-five (75) days after entry of the

Preliminary Approval Order or, if downloaded and mailed to the Settlement Administrator, must be postmarked no later than seventy-five (75) days after entry of the Preliminary Approval Order.

17. Failure to opt out in compliance with the time and manner requirements set forth in the Amended Settlement Agreement shall result in waiver of the right to opt out. All Class members who fail to properly and timely opt out shall be in the Settlement Class and, to the extent the Amended Settlement Agreement is ultimately approved, shall be bound by the Settlement.

18. The Notice of Settlement shall designate the Settlement Administrator as the entity to whom opt out requests shall be sent. The Settlement Administrator shall be responsible for the receipt of all responses from putative Class members and shall preserve all opt out requests and all other written communications from putative Class members or any other person in response to the Notice of Settlement until administration of the Amended Settlement Agreement is complete or pursuant to further Order of this Court. All written communications received from putative Class members and all written responses to inquiries by them relating to the Amended Settlement Agreement and/or

the Settlement shall be available at all reasonable times for inspection and copying by counsel for the Plaintiffs and Defendants, subject to further Order of the Court if issues of privilege or confidentiality arise.

19. The Court approves the proposed procedure for submitting Objections to the Settlement. Any Class member who wishes to object to the fairness, reasonableness, or adequacy of the Amended Settlement Agreement or any portion of the Settlement, including without limitation the amount of Class Counsel's requested fees and expenses, must remain part of the Settlement Class and must serve on the Settlement Administrator a timely and valid statement of Objection that complies with the procedure described in the Notice of Settlement and Section 4 of the Amended Settlement Agreement. All objections must be in writing and must be postmarked no later than seventy-five (75) days after entry of the Preliminary Approval Order.

20. Counsel will file all objections received and any responses with the Clerk of Court no later than seven (7) days before the Final Fairness and Approval Hearing, as outlined in Paragraph 4(b) of the Amended Settlement Agreement. Class Counsel shall file all such Objections with the Court at least fourteen (14) days before the Final

Approval Hearing. Any objecting Class member may appear at the Final Approval Hearing in person, with or without such Class member's separate counsel. The scope of any objector's presentation of evidence or argument at the Final Fairness and Approval Hearing shall be limited to such objector's written objection. Any Class member who fails to file and serve an objection in compliance with the deadlines and procedures, and containing the information required by the Notice of Settlement, shall be deemed to have waived and forfeited the right to object to the Amended Settlement Agreement or any part of the Settlement or to raise or pursue an objection at the Final Fairness and Approval Hearing or at any point thereafter, including through appeal or as part of a separate proceeding.

21. If, for any reason, the Amended Settlement Agreement is not finally approved or does not become effective, this Order, including but not limited to the conditional certification, shall be null and void and automatically deemed vacated. Neither the Amended Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Litigation or any other action or proceeding. In such event, the parties and the putative Class shall be returned to the same

11

litigation position that they were in prior to seeking preliminary approval of the Amended Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Amended Settlement Agreement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)). The parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

22. The Court appoints the named Plaintiffs, Joy Eberline, Cindy Zimmermann, and Tracy Poxson, as Class representatives. The named Plaintiffs have interests in common with each of the members of the Class and have demonstrated that they will vigorously prosecute the interests of the Class through qualified counsel.

23. The Court appoints John Philo (jphilo@sugarlaw.org), Sugar Law Center for Economic & Social Justice, 4605 Cass Avenue, 2nd Floor, Detroit, Michigan 48201, and Kathryn Bruner James (kjames@goodmanhurwitz.com), Goodman Hurwitz & James PC, 1394 E. Jefferson Avenue, Detroit, Michigan 48207 as Class Counsel, finding that

Class Counsel are well-qualified and experienced in wage and hour and class action litigation.

24. Kroll Settlement Administration, LLC is hereby appointed as Settlement Administrator to provide Notice of Settlement to Class members as described in the Amended Settlement Agreement and to administer the process of soliciting, receiving, reviewing, approving, or denying claims, and distributing funds.

25. At least seven (7) days before the Final Fairness and Approval Hearing, Defendants' counsel shall file a report with the Court confirming that notices to the United States Attorney General and the Attorney General for the State of Michigan containing the information required under 28 U.S.C. § 1715 were timely sent.

26. Within fourteen (14) days of the deadline for Claims Reporting as described in the Amended Settlement Agreement, Class Counsel shall file a motion with the Court requesting a Final Fairness and Approval Hearing; all reply briefs must be filed no later than seven (7) days before the Final Fairness and Approval Hearing.

27. All other events contemplated under the Amended Settlement Agreement to occur after this Order and before the Final Fairness and

Approval Hearing described in this Order shall occur as proposed in the Motion for Preliminary Approval, to the extent not inconsistent herewith.

28. The Court orders that the Final Approval Hearing is set for **December 19, 2023 at 2:00 p.m.** in the Courtroom of the Honorable Judge Judith E. Levy at the United States District Court for the Eastern District of Michigan, Ann Arbor Division, 107 Federal Building, 200 E. Liberty Street, Ann Arbor, MI 48104, to consider the fairness, reasonableness, and adequacy of the proposed Amended Settlement Agreement, the entry of any final order or judgment in the action, any application for attorneys' fees and costs, and other related matters. The Final Fairness and Approval Hearing may be postponed, adjourned, conducted virtually, or continued by further Order of this Court without further notice to the putative Class.

29. All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Amended Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court. Pending final determination of the fairness, reasonableness, and adequacy of the proposed Amended Settlement Agreement, no putative

Class member, other than those who timely and properly have opted-out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Litigation.

IT IS FURTHER ORDERED that Plaintiffs' initial, unopposed motion for certification and preliminary approval of a class and collective action settlement of this case (ECF Nos. 170); Plaintiffs' corrected, unopposed motion for certification and preliminary approval of a class and collective action settlement (ECF No. 173); and Plaintiffs' duplicative amended motion (ECF No. 177) are DENIED as MOOT.

IT IS SO ORDERED.

Dated: August 9, 2023  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 9, 2023.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager